UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Wayne Jackson, # 294183, *a/k/a Chris Jackson*, | ) C/A No. 4:09-918-TLW-TER ) ) |
| Plaintiff, | ) ) Report and Recommendation |
| vs. | ) ) |
| Ass. Warden, Scott Lewis, | ) ) |
| Defendant. | ) ) ) |

The plaintiff, Christopher Wayne Jackson ("Plaintiff"), files this case pursuant to 42 U.S.C. § 1983. Plaintiff alleges excessive force was used against him by the defendant assistant warden. It is clear from the face of the complaint that Plaintiff has not exhausted his administrative remedies. Therefore, the complaint is subject to summary dismissal.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can

be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

Plaintiff alleges that the defendant assistant warden placed him in handcuffs and then struck him in the face with his fist on March 27, 2009. Complaint at 3. Plaintiff claims that he filed a grievance on March 19, 2009, which was eight days before the incident is alleged to have occurred.

Either Plaintiff has the dates inverted, or the grievance did not specifically address the incident in question; in any case, Plaintiff freely admits that he has not received a final institutional determination regarding this matter. Complaint at 2.

Although excessive force is actionable under 42 U.S.C. § 1983, this case is subject to summary dismissal because Plaintiff has not exhausted his administrative remedies. See 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; *Porter v. Nussle*, 534 U.S. 516, 532, ([T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 532 U.S. 731 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and *Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir.2000).

Plaintiff indicates that he has filed a grievance, however he admits that a final determination has not been reached. Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir.2005); and *Jones v. Bock*, 549 U.S. 199 (2007).[1]

In orders filed on May 9, 1996, this court certified that the inmate grievance procedure

---

[1]*Jones v. Bock* does not require that process be issued in the above-captioned case because the above-captioned case is not a case which contains both exhausted and non-exhausted claims. None of the claims in the above-captioned case are exhausted.

established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996).

In order to exhaust the SCDC administrative remedy, an inmate must fill out a Form 10-5 (Step 1 Grievance form) about the matters raised in his grievance and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains. The grievance coordinator has nine (9) days from the time the grievance is presented by the inmate to put it into SCDC's automated system. Once the grievance is properly entered into the SCDC automated system, the Warden should then respond to the Step 1 grievance in writing within forty (40) days. If the inmate is not satisfied with the Warden's response, then, within five (5) days, he or she must file an appeal of the Step 1 grievance response by filing a Form 10-5a (Step 2 Appeal) to the Responsible Official with the Inmate Grievance Coordinator. A responsible SCDC official will then have sixty (60) days to respond to the Step 2 grievance. The decision of the "responsible official" who answers Step 2 is the Department's final response in the matter.

Even if SCDC fails to respond to Plaintiff's Step 1 grievance and, as a result, leaves the plaintiff with no decision to appeal to Step 2, the plaintiff must still refrain from filing suit in federal court until all time periods for both steps to be completed have expired. Once the full period for prison responses has run without the issuance of any response, it is generally held that the inmate has substantially complied with the § 1997e exhaustion requirement. *See, e.g., Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir.2004)("Following the lead of the ... other circuits that have considered this issue, we conclude that administrative remedies are exhausted when prison officials

fail to timely respond to a properly filed grievance); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir.2002)("agree[ing with other circuits] that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable"); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir.2002)(stating that prison's failure timely to respond renders administrative remedies unavailable); and *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir.2001)(holding that defendants failed to prove non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue grievance further after warden did not respond to his grievance). Under such circumstances, an inmate of the South Carolina Department of Corrections who files a Step 1 grievance but receives no response thereto must wait at least 114 days (approximately four (4) months) from the time he or she files a Step 1 grievance before it may be said that he or she has exhausted "such administrative remedies as are available."[2] 42 U.S.C. § 1997e(a).

The Supreme Court held that the PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.' "

---

[2] It appears that as long as the inmate waits the full 114 days established for the running of the entire process through Step 2, he or she may then file suit in federal court even though he or she has not formally completed Step 2. This is true because the SCDC policy states, in pertinent part, "[i]f, at the institutional level, the response to the grievance exceeds the established time limits, the grievance will automatically proceed to the next level of appeal." Section 14(e) of the SCDC policy. *See Boyd*; *Jernigan*; *Lewis*; and *Foulk*. The 114-day period is determined by giving the maximum amount of time provided in the SCDC policy for each step in the process and assuming that no extensions of time are sought and the SCDC fails to timely respond to the Step 1 grievance within the forty (40) days allowed or fails to request a specific continuance of the established time to respond by SCDC officials at any point during the process. See Section 16 of the SCDC Policy, which provides that all grievances are to be disposed of within 105 days from the entry of the Step 1 grievance. Since the institutional grievance coordinator has nine (9) days to enter the Step 1 grievance, the sum of the nine-day entry period and the 105-day period set forth in Section 16 is 114 days.

*Woodford v. Ngo*, 548 U.S. 81 (2006)(PLRA requires "proper exhaustion" of administrative remedies).[3] Hence, Plaintiff must give the South Carolina Department of Corrections the opportunity to address his excessive force claims before bringing suit against an individual SCDC official or employee.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 12, 2009
Florence, South Carolina

---

[3] In light of the decision of the United States Court of Appeals for the Fourth Circuit in *Green v. Young*, 454 F.3d 405 (4th Cir.2006)(dismissal under PLRA for failure to exhaust administrative remedies does not count as a "strike" for purposes of the "three strikes" rule), imposition of a strike is not appropriate in the above-captioned case.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).